1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    SOUTHERN DISTRICT OF CALIFORNIA

10   FERNANDO MALDONADO,                     Civil No.    10cv1014 AJB(BLM)

11                          Petitioner,      **ORDER DENYING PETITION FOR**
                                             **WRIT OF HABEAS CORPUS**
12              v.                           **PURSUANT TO 28 U.S.C. § 2241**

13   JANET NAPOLITANO, et al.,

14                          Respondents.

15        On May 10, 2010, Petitioner, a detainee in the custody of the Department of Homeland

16   Security ("DHS")[1], Bureau of Immigration and Customs Enforcement, proceeding *pro se*, filed a

17   petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 seeking release from immigration

18   custody because his detention is unlawful.  After a thorough review of the papers and applicable

19   law, the Court DENIES the petition for writ of habeas corpus.

20                                   **Background**

21        Petitioner is a native and citizen of Honduras who entered the United States without

22   inspection prior to 1996.  (Pet., Ex. C.)  On October 4, 1995, he married in the United States.  (Pet.,

23   Ex. A.)  On November 30, 1995, Petitioner was convicted of misdemeanor battery on his spouse and

24   placed on probation for three years.  (Pet., Ex. B; Resp't Ex. 39.)  On September 29, 1995, the INS

25   placed Petitioner in deportation proceedings.  (Resp't Ex. 39.)  On December 1, 1995, the IJ granted

26   his request to depart the United States voluntarily before June 3, 1996 in lieu of an order of

27   _____

28        [1]On March 1, 2003, the Immigration and Naturalization Service ("INS") was dissolved and its
     functions were transferred to the Department of Homeland Security.  See Casas-Castrillon v. Dept. of
     Homeland Security, 535 F.3d 942, 945 n. 1 (9th Cir. 2008).

1   deportation. (Resp't Ex. 39.)   Petitioner did not appeal to the Board of Immigration Appeals

2   ("BIA") and he did not depart the United States, so his deportation order became effective and final

3   on June 3, 1996. (Resp't Ex. 37.)  On December 13, 1996, Petitioner was deported to Honduras.

4   (Resp't Ex. 39.)

5          In January 1997, Petitioner unlawfully returned to the United States by entering without

6   inspection. (Pet., Ex. C; Resp't Ex 37.)  On March 3, 2003, Petitioner was convicted of a

7   misdemeanor of Driving Under the Influence.  (Resp't Ex. 5.)

8          Around June 22, 2001, Petitioner filed an application for temporary protected status ("TPS")

9   which the INS approved.  (Pet., Ex. C; Resp't Exs. 1-4.)  Because of the two misdemeanor

10  convictions, on April 19, 2007, the DHS withdrew his TPS status.  (Pet., Ex. B; Resp't Exs. 5-6.)

11  On August 24, 2007, the superior court vacated Petitioner's plea of his 1995 criminal case as legally

12  invalid.  (Pet., Ex. B; Resp't Exs. 7-8.)  Petitioner filed an appeal regarding the withdrawal of his

13  TPS.  (Pet., Ex. B.)  On October 5, 2007, the DHS denied the appeal.  (Pet., Ex. B; Resp't Exs. 10-

14  12.)

15         On July 31, 2008, Petitioner was arrested for disorderly conduct/public intoxication in

16  violation of California Penal Code section 647(f).  (Resp't Ex. 37.)  He was transferred into the

17  custody of ICE on that same day and placed him in removal proceedings.  (Resp't Ex. 37.)  On

18  September 18, 2008, the IJ granted DHS's motion and terminated removal proceedings in order for

19  the DHS to reinstate the prior 1995 order of deportation to Honduras.  (Resp't Exs. 16, 37.)

20  However, in response to the Court's request for additional documents, it was realized that

21  Respondents have not yet reinstated the 1996 deportation order.  (Gov't Response filed on 7/29/11,

22  Dkt. No. 20.)  On July 30, 2011, Respondent filed a first supplemental lodgment informing the Court

23  that on July 29, 2011, DHS reinstated the prior deportation order.  (Dkt. No. 21; Ex. 58.)

24         On September 26, 2008, Petitioner filed an appeal before the BIA arguing that his prior

25  removal order should not have been reinstated and that he should have been considered for TPS and

26  Adjustment of Status.  (Pet. Suppl. Brief at 7; Resp't Ex. 37.)  On February 10, 2009, the BIA

27  dismissed the appeal.  (Resp't Exs. 13, 37.)  On February 23, 2009, Petitioner petitioned for review

28  of the BIA's decision and motion for stay before the Ninth Circuit Court of Appeals in Maldonado v.

1    Holder, No. 09-70515.  (Resp't Exs. 13, 27.)  The stay of removal was granted.  (Resp't Ex. 37.)  On

2    July 1, 2009, the Ninth Circuit dismissed the petition for lack of subject matter jurisdiction because

3    its direct review of immigration cases is limited to a review of final orders of removal.  (Resp't Exs.

4    13-14.)  A stay of removal was in effect from February 23, 2009 until August 28, 2009.  (Resp't Exs.

5    27-28.)

6           In August 2009, Petitioner moved the BIA to reopen his previous 1995 deportation

7    proceedings based on ineffective assistance of counsel.  (Pet. at 7; Pet. Suppl. Brief at 10.)  On

8    September 10, 2009, the BIA denied the August 2009 motion to reopen for lack of jurisdiction

9    because jurisdiction to review any such motion remained with the IJ because no appeal was taken

10   from the IJ's December 1, 1995 decision finding Petitioner removable.  (Resp't Exs. 18, 37.)  On

11   September 18, 2009, he filed a petition for review of the BIA's decision and motion for stay with the

12   Ninth Circuit in Maldonado v. Holder, No. 09-72975 to review the BIA's decision.  (Resp't Ex. 32.)

13   On April 14, 2010, the Ninth Circuit denied the petition for review upholding the BIA's decision

14   and dismissed the remaining claims of ineffective assistance of counsel, eligibility for cancellation

15   of removal, whether petitioner is still a candidate for TPS and whether the prior deportation in 1995

16   was valid because he failed to exhaust his administrative remedies.  (Resp't Exs. 18-19.)  A stay of

17   removal was in effect from September 18, 2009 until June 7, 2010.  (Resp't Ex. 32.)

18          On September 14, 2009, the IJ held a bond hearing and determined that, because Petitioner

19   was subject to a final order of removal that was not subject to judicial review, there was no

20   jurisdiction to conduct bond review pursuant to Casas-Castrillon v. DHS, 535 F.3d 942 (9th Cir.

21   2008) and/or Prieto-Romero v. Clark, 534 F.3d 1053 (9th Cir. 2008).  (Resp't Ex. 16.)  He appealed

22   the IJ's decision.  (Resp't Ex. 16.)  On January 27, 2010, the BIA upheld the IJ's decision and

23   dismissed the appeal.  (Resp't Exs. 16-17.)

24          On October 7, 2009, Petitioner moved the IJ to reopen the proceedings.  (Pet. at 7.)  On

25   November 9, 2009, the IJ denied the motion to reopen as untimely.  (Pet. at 7; Resp't Ex. 21.)  The

26   IJ specifically concluded that Petitioner did not voluntarily depart within the time allowed in

27   December 1, 1995 and the motion was untimely and would not be equitably tolled because he did

28   not show that he acted with due diligence in pursuing his claim regarding ineffective assistance of

counsel.  (Pet. Supp. Brief at 11.)  He appealed the IJ's decision to the BIA.  (Pet. at 7.)  On April 13, 2010, the BIA upheld the IJ's decision denying his motion to reopen an order of deportation for failing to show that he exercised due diligence in pursuing his ineffective assistance of counsel claim.  (Resp't Exs. 20-22.)  On April 21, 2010, Petitioner petitioned for review of the BIA decision and motion for stay before the Ninth Circuit in Maldonado v. Holder, No. 10-71252.  (Resp't Ex. 36.)  On June 15, 2010, the Ninth Circuit  found the petition for review to be appropriate for summary dismissal and set a briefing schedule for an order to show cause why the petition should not be summarily denied.  (Resp't Ex. 23.)  On August 26, 2010, the Ninth Circuit granted respondent's motion for summary disposition.  (Resp't Suppl. Brief, Ex. 46-48.)  The Court also held that the agency did not abuse its discretion in denying the untimely motion to reopen because Petitioner failed to show he acted with due diligence in pursuing his ineffective assistance of counsel claim.  (Id.)  Lastly, the Court concluded it lacked jurisdiction to review the claim that the BIA abused its discretion in refusing to reopen proceedings *sua sponte*.  (Id.)  A stay of removal was in effect from April 21, 2010 until December 30, 2010.  (Resp't Suppl. Brief, Exs. 43-44.)

In July 2010, Petitioner filed a motion to reopen with the BIA with new evidence and new arguments.  (Pet. Suppl. Brief at 13.)  On December 13, 2010, the BIA construed Petitioner's motion as one for reconsideration of the BIA's decision on April 13, 2010.  (Pet'r Suppl. Brief at Doc. 16-1 at 2-3.)  The BIA first stated that the such a motion for reconsideration was untimely and alternatively, that on previously raised issues, Petitioner has not identified any error of fact or law in the BIA's previously detailed decision.  (Id.)  Further, the BIA concluded the motion to reopen was untimely and he had not presented any exception to the filing requirements imposed on motion to reopen removal proceedings; and has not demonstrated an exception situation for *sua sponte* reopening under 8 C.F.R. § 1003.2(a).  (Id.)  In conclusion, the BIA denied Petitioner's motion to reopen and a request for a stay of deportation.  (Id.)

On December 29, 2010, Petitioner filed another petition for review of the BIA's denial of a motion to reopen and motion for stay in Maldonado-Aguilar v. Holder, No. 10-73937.  (Id., Ex. 50.)  On July 6, 2011, the Ninth Circuit issued an order similar to the one filed on August 26, 2010.  The Court also held that the agency did not abuse its discretion in denying the untimely motion to reopen

because Petitioner failed to show he acted with due diligence in pursuing his ineffective assistance of counsel claim.  (Ninth Circuit PACER, 10-73937, July 6, 2011.)  The Court also held it lacked jurisdiction to review the claim that the BIA abused its discretion in refusing to reopen proceedings *sua sponte*.  (Id.)   In conclusion, the Ninth Circuit stated, "[t]he temporary stay of removal will terminate upon issuance of the mandate."  (Id.)

On May 10, 2010, Petitioner filed a petition for writ of habeas corpus in this Court.  (Dkt. No. 1.)  On July 19, 2010, Respondent filed a return to the petition for writ of habeas corpus.  (Dkt. No. 11.)  On August 19, 2010, Petitioner filed a reply.  (Dkt. No. 13.)  The case was transferred to the undersigned judge on March 25, 2011.  (Dkt. No. 14.)  On April 13, 2011, Petitioner filed a supplemental brief updating the Court on developments in his case.[2]  (Dkt. No. 16.)  In response to the Court's order, Respondent filed a responsive supplemental brief on June 22, 2011.  (Dkt. No. 18.)  On July 22, 2011, the Court issued an Order requiring Respondents to file additional documents regarding the reinstatement order.  (Dkt. No. 19.)  On July 29, 2011, Respondent filed a response.  (Dkt. No. 20.)  On July 30, 2011, Respondent filed a supplemental document to the response.  (Dkt. No. 21.)

**Discussion**

Petitioner alleges four claims in his petition.  First, he seeks to vacate the September 18, 2008 order of the IJ reinstating the previous deportation order because his deportation and reentry occurred before the effective date of IIRIRA on April 1, 1997.  (Pet. at 2-3.)  Second, Petitioner argues that the DHS, IJ and BIA erred in not granting Petitioner a bond because he was not a lawful permanent resident.  (Pet. at 3-4.)  Third, he challenges his removal order as invalid due to ineffective assistance of counsel.  He claims his counsel at the time failed to file a motion to reopen the date at the time his prior deportation order was reinstated on September 9, 2008 and an updated E-28 form.  (Pet. at 8.)  Fourth, he claims that he is being unlawfully detained because he is still a

---

[2]In his supplemental brief, Petitioner presents arguments and facts to support the claims in the Petition; however he also presents new facts and claims.  To the extent he alleges new claims, the Court declines to consider them.  See Cacoperdo v. Demosthenes, 37 F.3d 504, 507 (9th Cir. 1994) (declining to consider new claims for relief in the traverse as they should be presented in an amended petition).

1 | candidate for TPS.  (Pet. at 9.)

2 | **A.      Jurisdiction**

3 | Pursuant to 28 U.S.C. § 2241, alien detainees can properly challenge "the extent of the

4 | Attorney's General's authority" to detain a removable alien under the general detention statutes.

5 | Zadvydas v. Davis, 533 U.S. 678, 687-88 (2001).  The REAL ID Act of 2005 amended the

6 | Immigration and Nationality Act ("INA") and vests jurisdiction over final removal orders with the

7 | court of appeals.  Nadarajah v. Gonzales, 443 F.3d 1069, 1075-76 (9th Cir. 2006)  The Real ID Act

8 | does not divest the district court of jurisdiction because the Act was "not intended to 'preclude

9 | habeas review over challenges to detention that are independent of challenges to removal orders.'"

10 | Hernandez v. Gonzales, 424 F.3d 43 (9th Cir. 2005) (citation omitted).  Here, Petitioner challenges

11 | his continued detention and TPS status and not the validity of a final order of removal.  Therefore,

12 | this Court has jurisdiction under 28 U.S.C. § 2241 to consider his petition.

13 | **B.      Reinstatement of the 1996[3] Prior Deportation Order**

14 | Petitioner argues that the reinstatement of the 1996 deportation order on September 18, 2008

15 | was invalid because his deportation and reentry occurred before the effective date of the Illegal

16 | Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA") on April 1, 1997.  (Pet.

17 | at 2-3.)  Respondent contends that the United States Supreme Court's decision in Fernandez-Vargas

18 | v. Gonzalez, 548 U.S. 30 (2006) forecloses Petitioner's argument.

19 | In their arguments, both parties assumed a reinstatement order was issued on September 18,

20 | 2008.  However, on September 18, 2008, the IJ only terminated removal proceedings.   (Resp't Ex.

21 | 37.)  The IJ did not reinstate Petitioner's prior 1996 order of deportation to Honduras.  (Id.)  At the

22 | time that the petition was filed, there was no valid deportation order as the 1996 deportation order

23 | was executed on December 13, 1996.  See Alcala v. Holder, 563 F.3d 1009, 1013 (9th Cir. 2009)

24 | (when an alien is removed subject to a removal order, it is deemed executed and the order may not

25 | be executed against him unless the prior order has been formally reinstated).  This Court is

26 | adjudicating the Petition filed on May 10, 2010. As there was no reinstatement order when the

27 | _____

28 | [3]The parties interchangeably use 1995 or 1996 deportation order.  The IJ issued its order of removal on December 1,1995 but the order was not executed until December 13, 1996. (Dkt. No. 21, Exs. 59, 61.)

1  petition was filed, there is no case or controversy.  See Kittel v. Thomas, 620 F.3d 949, 951 (9th Cir.

2  2010) ("The Constitution limits the jurisdiction of the federal courts to live cases and controversies,

3  and as such, federal courts may not issue advisory opinions.") "Failure to satisfy Article III's case-

4  or-controversy requirement renders a habeas petition moot."  Mujahid v. Daniels, 413 F.3d 991, 994

5  (9th Cir. 2005).  Accordingly, the Court DENIES his claim regarding the alleged reinstatement of

6  his 1996 deportation order as moot.

7  **C.     Bond Hearing**

8       Petitioner also argues that the DHS, IJ and BIA erred in denying him a bond or releasing him

9  under supervision pursuant to Tijana v. Willis, 430 F.3d 1241 (9th Cir. 2005) and Nadarajah v.

10  Gonzales, 443 F.3d 1069 (9th Cir. 2006).  He claims that he has been detained for a prolonged time

11  while his appeal is being processed and the United States Supreme Court has held that prolonged

12  detentions are impermissible. Petitioner argues he is entitled to release pending resolution of his

13  appeal.  Respondent contends that Petitioner is not entitled to a bond hearing under section

14  1231(a)(6).

15       In order to determine whether Petitioner is entitled to a bond hearing, the Court needs to

16  determine whether the Attorney General's authority to detain Petitioner was under section 236 or

17  241 of the Immigration and Nationality Act, codified at 8 U.S.C. §§ 1226 and 1231.  See Diouf v.

18  Mukasey, 542 F.3d 1222, 1228 (9th Cir. 2008).  As explained by the Ninth Circuit, "[w]here an alien

19  falls within this statutory scheme can affect whether his detention is mandatory or discretionary, as

20  well as the kind of review process available to him if he wishes to contest the necessity of his

21  detention." Prieto-Romero v. Clark, 534 F.3d 1053, 1057 (9th Cir. 2008).

22       Section 1226(a) grants the Attorney General discretion to detain an alien "pending a decision

23  on whether the alien is to be removed from the United States."  8 U.S.C. § 1226(a).  This section

24  gives the Attorney General discretionary authority to release aliens on bond or conditional parole

25  prior to the removal period.  Id.  In contrast, § 1231(a)(2) grants the Attorney General mandatory

26  authority to detain aliens "during" their "removal period."  8 U.S.C. § 1231(a)(2).  Section

27  1231(a)(6) further grants the Attorney General with discretionary authority to detain certain classes

28  of aliens "beyond" the removal period or to release them subject to the terms of supervision in §

1231(a)(3).  Id.  Under this section the Attorney General must remove during the 90 day removal

period.  Id. § 1231(a)(1)(A).  According to the statute,

> The removal period begins on the latest of the following:
>
> (i) The date the order of removal becomes administratively final.
>
> (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.
>
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B).

"When an alien subject to removal leaves the country, the removal order is deemed to be executed.  If the alien reenters the country illegally, the order may not be executed against him unless it has been 'reinstated' by an authorized official."  Alcala v. Holder, 563 F.3d 1009 (9th Cir. 2009) (quoting Morales-Izquierdo v. Gonzales, 486 F.3d 484, 487 (9th Cir. 2007)).  8 C.F.R. § 241.8(a) provides the regulation that must be met before a prior order can be reinstated.  See 8 C.F.R. § 241.8(a).  The removal period for reinstated removal orders begins the same time as original removal orders under 28 U.S.C. § 1231(a)(1).  Rodriguez-Carabantes v. Chertoff, 2007 WL 1268500 at 2-3 (W.D. Wash. 2007).

Here, when Petitioner was deported on December 13, 1996, his original order of deportation was executed.  (Resp't Ex. 39.)  In January 1997, he unlawfully returned to the United States.  After being arrested in July 2008, Petitioner was placed in removal proceedings.  On September 18, 2008, the IJ granted the government's motion to terminate removal proceedings in order to reinstate the prior order.  Although the government intended to reinstate his 1996 order of deportation, the prior deportation order was never reinstated.[4]  Therefore, when Petitioner filed his petition for writ of habeas corpus in this court, he was not subject to a deportation order.  Based on the relief that Petitioner seeks in his petition filed on May 10, 2010, the Court DENIES Petitioner request for a bond hearing as moot.

**D.      Ineffective Assistance of Counsel**

---

[4]Only recently, on July 29, 2011, DHS reinstated his prior 1996 deportation order.  (See Resp't Suppl. Lodgment, Exs. 58-61.)

1    Petitioner claims that he received ineffective assistance of counsel in his deportation

2  proceedings in 1996; therefore his order of deportation should be vacated.  Specifically, he claims

3  that his attorney never filed a I-485 form; I-130 petition and a motion to reopen.  (Traverse at 14.)

4    First, the ineffective assistance of counsel claim is based on the underlying 1996 order of

5  removal.  As relief, Petitioner seeks to have his order of deportation vacated.  Since there was no

6  order of deportation when he filed his petition, the Court DENIES his claim as presenting no case or

7  controversy.  Moreover, on August 26, 2010 and again on July 6, 2011, the Ninth Circuit already

8  made a determination that the agency did not abuse its discretion in denying the untimely motion to

9  reopen because Petitioner failed to show that he acted with due diligence in pursuing the ineffective

10  assistance of counsel claim.  (Resp't Suppl. Brief, Exs. 43-44; 46-48.)  Accordingly, the Court

11  DENIES the claim of ineffective assistance of counsel.

12  **E.      Temporary Protected Status**

13    Petitioner argues that his custody is unlawful because he is still eligible for TPS[5] status.  He

14  contends that when he first applied for TPS, he was granted the status even though he had been

15  previously deported and had one misdemeanor.  (Pet. at 9.)  He claims that the conviction was

16  vacated pursuant to Penal Code section 1016.5 which requires that before accepting a guilty plea, a

17  trial court must advise the defendant that if he is not a U.S. citizen, a conviction may result in

18  deportation and because he was falsely accused by his ex-wife.  (Id.)  Also, he did not exhaust

19  because he was legally here in the United States as he was granted TPS and DHS did not reinstate

20  his prior deportation until September 18, 2008.  (Id. at 10-11.)

21    Around June 22, 2001, Petitioner filed an application for temporary protected status ("TPS")

22  which the INS approved.  (Pet., Ex. C; Resp't Exs. 1-4.)  On April 19, 2007, DHS withdrew his TPS

23  status because he had been convicted of two or more misdemeanors.  (Resp't Ex. 5-6.)  On August

24  24, 2007, the San Diego County Superior Court vacated Petitioner's plea of his 1995 criminal case

25  as "legally invalid."  (Pet., Ex. B; Resp't Exs. 7-8.)  Subsequently, Petitioner filed an appeal

26  regarding the withdrawal of his TPS.  (Pet., Ex. B; Resp't Exs. 10-12.)  On October 5, 2007, the

27

28

---

[5]Aliens who are granted temporary protected status may not be removed during the period in which that status is in effect.  See 8 U.S.C. § 1254a(a)(1)(A).

1  Administrative Appeals Office denied the appeal.  (Pet., Ex. B; Resp't Exs. 10-12.)  DHS explained

2  that since the conviction had been vacated solely to relieve Petitioner of immigration hardships, the

3  vacatur was irrelevant for immigration purposes.  (Id.)

4        The Ninth Circuit made a determination that he failed to exhaust his administrative remedies

5  as to the claim that he is still a candidate for TPS.  (Resp't Exs 18-19.)  In addition, although

6  Petitioner argues that he did not exhaust because he was legally here in the United States, Petitioner

7  made efforts to seek TPS status when it was withdrawn in April 2007.  He sought vacatur of one of

8  his prior misdemeanors and filed an appeal within DHS in October 2007.  Petitioner's argument why

9  he did not exhaust is without merit.  Accordingly, the Court DENIES the claim that Petitioner is

10  eligible for TPS status.  See Barron v. Ashcroft, 358 F.3d 674, 678 (9th Cir. 2004) (holding that

11  exhaustion is mandatory and jurisdictional under 8 U.S.C. § 1252(d)(1)).

12  **Conclusion**

13        Based on the foregoing, the Court DENIES the petition for writ of habeas corpus pursuant to

14  28 U.S.C. § 2241.

15        IT IS SO ORDERED.

17  DATED:  August 3, 2011

18  Hon. Anthony J. Battaglia

19  U.S. District Judge